UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 05-225** |
| **DORIAN FRANCIS** | **SECTION "L"** |

## ORDER & REASONS

Before the Court is a motion seeking early termination of supervised release filed by Defendant Dorian Francis. R. Doc. 102. The Government opposes the motion. R. Doc. 106. The Court rules as follows.

### I. BACKGROUND

On February 1, 2006, Dorian Francis pleaded guilty, pursuant to a plea agreement, to one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of using, carrying, and discharging a weapon during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). R. Doc. 70.  Mr. Francis had committed a prior drug felony and was serving out the final months of a seventy-month term of imprisonment in a halfway house when he committed the current offense. R. Doc. 94 at 4.

In May 2006, this Court sentenced Mr. Francis to 57 months of imprisonment for Count 1 and a term of 120 months as to Count 2 to be served consecutively. *Id.* at 5. The Court further sentenced Mr. Francis to five years of supervised release following that term of imprisonment. *Id.*

Mr. Francis began serving his five-year term of supervised release on September 20, 2019. R. Doc. 100. Mr. Francis alleges that he has successfully fulfilled each requirement of probation, though he was recently injured at work and is attempting rehabilitation on his leg. R. Doc. 102. There is no indication in the record or provided by the Government that Mr. Francis has violated the terms of his

supervised release.

## II.  DISCUSSION

In the instant motion, Defendant argues that that, since being placed on supervised release, he has maintained his employment and residence, has not tested positive for any narcotics, and has significant support from family and friends. R. Doc. 102. He additionally notes that his fiancée and thirteen-month-old son are being relocated due to her work. Based on these facts, he asks the Court to terminate his term of supervised release, with three years and two months completed of his five-year sentence, to provide daily care to his child. *Id.*

In opposition, the Government maintains that the Court should not grant Mr. Francis early termination, due to the violent nature of the crime committed and his criminal history. R. Doc. 106 at 3. The Government argues that simply complying with the terms of his supervised release does not entitle Mr. Francis to early termination, and that Mr. Francis has not "demonstrate[d] exceptionally good behavior" sufficient to justify terminating supervised release. *Id.* at 4.

## III.  LAW

A district court can terminate supervised release at any time after one year if, after considering the § 3553(a) sentencing factors, "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1).[1] District courts enjoy broad discretion in determining whether to terminate supervised release, but they have "generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination[.]" *United States v. Smith*, 2014 WL 68796, at *1 (S.D.

---

[1] These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to defer criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing range established; pertinent policy statements by the Sentencing Commission; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to any victims of the offense.

2

Miss. Jan. 8, 2014). Rather, "early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *Id.*

In this case, Mr. Francis has requested early termination to offer daycare support to his 10-month-old child and partner. He has completed more than half of his term of supervised released and has been compliant without issue. He has also maintained a commitment to sobriety throughout his supervised release. Judges in the Eastern District have rejected motions to terminate supervised release for similarly situated defendants. In *United States v. Brown*, No. 03-310, 2012 U.S. Dist. LEXIS 131173, at *1 (E.D. La. Sep. 14, 2012), for example, the defendant petitioned for termination of a five-year term of supervised release after three years and nine months—more than Mr. Francis has served. Although the defendant in that case "complied faithfully with the terms and conditions of his supervised release for almost four years [and] . . . . his probation officer d[id] not object to a termination of supervised release," the Court held early release was not warranted, based on the nature of the defendant's offense. *Id.* at *3. Similarly, in *Brown* the defendant did not argue any particular hardship would result from his continued supervision. Thus, "[a]lthough [the defendant's] behavior over the past three years demonstrate[d] that the termination of his supervised release will not likely lead to public safety concerns," the Court concluded, supervised release should continue. *Id.*

In this case, Mr. Francis was sentenced for having committed a violent robbery, which he committed while still serving time for another offense. Moreover, Mr. Francis does not argue he will experience any particular hardship should his term of supervised release continue. As a result, the Court will deny the motion, but applauds Mr. Francis for complying with the terms of his supervised release. Further, the Court notes that Mr. Francis may file a motion to modify the terms of his

supervised release that identifies specific terms of the supervised release that cause hardship, and requests modifications tailored to those terms.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion for early termination of his term of supervised release (R. Doc. 102) is hereby **DENIED** without prejudice.

New Orleans, Louisiana on this 13th day of December, 2022.

_____
THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE