UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 05-225** |
| **DORIAN FRANCIS** | **SECTION "L"** |

## ORDER & REASONS

Before the Court is a motion seeking early termination of supervised release filed by Defendant Dorian Francis. R. Doc. 108. The Government opposes the motion. R. Doc. 111. Mr. Francis filed a response. R. Doc. 112. Having reviewed the parties' arguments and applicable law, the Court now rules as follows.

I.     **BACKGROUND**

On February 1, 2006, Dorian Francis pleaded guilty, pursuant to a plea agreement, to one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of using, carrying, and discharging a weapon during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). R. Doc. 70. Mr. Francis had committed a prior drug felony and was serving out the final months of a seventy-month term of imprisonment in a halfway house when he committed the current offense. R. Doc. 94 at 4.

In May 2006, this Court sentenced Mr. Francis to 57 months of imprisonment for Count 1 and a term of 120 months as to Count 2 to be served consecutively. *Id.* at 5. The Court further sentenced Mr. Francis to five years of supervised release following that term of imprisonment. *Id.*

Mr. Francis began serving his five-year term of supervised release on September 20, 2019. R. Doc. 100. Mr. Francis submitted his first motion for termination of his supervised release in August 2022 but the Court denied that motion. R. Doc. 103. In its denial, however, the Court noted that Mr.

Francis may file a motion to modify the terms of his supervised release that identifies specific terms of the supervised release that cause hardship. R. Doc. 107 at 3-4.

## II. PRESENT MOTION

In the instant motion, Mr. Francis argues that it is in the best interest of justice to terminate his supervised release. R. Doc. 108 at 1. First, Mr. Francis contends that termination would allow him to expand his construction business into other states. *Id.* Second, Mr. Francis argues that he wishes to visit and reconnect with his daughter, who lives in Tennessee, and also help her start her own business. *Id.* He argues that he has already served more than four years of his five-year term, and has done so without any violations. *Id.* at 2. Termination, he argues, would allow Defendant to reintegrate into society while pursuing his business and personal goals. *Id.*

In opposition, the Government incorporates its previous arguments in opposition, namely that the Court should not grant Mr. Francis early termination due to the violent nature of the crime committed and his criminal history. R. Doc. 111 at 2; R. Doc. 106 at 3. Additionally, the Government notes that Mr. Francis has not identified the specific terms of his supervised release that cause hardship and to justify modification of his supervised release. R. Doc. 111 at 3; *see* R. Doc. 107 at 3-4. The Government argues that simply complying with the terms of his supervised release does not entitle Mr. Francis to early termination. *Id.*

Defendant filed a reply to the Government's opposition. R. Doc. 112.

## III.   LAW AND ANALYSIS

A district court can terminate supervised release at any time after one year if, after considering the 18 U.S.C. § 3553(a) sentencing factors, "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). District courts enjoy broad discretion in determining whether to terminate supervised release, but

they have "generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination[.]" *United States v. Smith*, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). Rather, "early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *Id.*

In this case, Mr. Francis has requested early termination to expand his construction business into other states and reconnect with his daughter, who lives out of state. He has completed more than four out of five years of his term of supervised released and has been compliant without issue. Judges in this District, however, have rejected motions to terminate supervised release for similarly situated defendants. In *United States v. Reed*, the defendant petitioned for termination of his supervised release because he could not obtain the necessary license to practice as a therapist while on probation. No. CR 15-100, 2020 WL 4530582, at *1 (E.D. La. June 5, 2020). In denying his motion, the court noted that employment limitations are not usually sufficient to warrant early termination. *Id.* at *3. Additionally, the defendant had not proved how his early release would align with the 18 U.S.C. § 3553(a) sentencing factors. R. Doc. 108.

In *United States v. Brown*, the defendant petitioned for termination of a five-year term of supervised release after three years and nine months. No. 03-310, 2012 U.S. Dist. LEXIS 131173, at *1 (E.D. La. Sep. 14, 2012). Although the defendant in that case "complied faithfully with the terms and conditions of his supervised release for almost four years [and] . . . . his probation officer d[id] not object to a termination of supervised release," the Court held early release was not warranted, based on the nature of the defendant's offense.[1] *Id.* at *3. In *Brown*, the defendant did not argue any particular hardship would result from his continued supervision. Thus, "[a]lthough [the defendant's] behavior

---

[1] In *Brown*, the Defendant pleaded guilty to violations of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, and 18 U.S.C. § 1028(a)(7), identity theft. *Id.* at *1.

over the past three years demonstrate[d] that the termination of his supervised release will not likely lead to public safety concerns," the Court concluded, supervised release should not be terminated. *Id.*

In this case, despite the Court's advice to Mr. Francis to identify particular hardships resulting from his supervised release, R. Doc. 107, Mr. Francis still has not done so. Currently, the only reasons Mr. Francis appears to seek supervised release are to expand his business and reconnect with his daughter. R. Doc. 108 at 1. These reasons, however, are not enough to warrant early termination. *See Reed*, 2020 WL 4530582, at *3 (denying early termination based on an employment-based argument that is significantly stronger than Mr. Francis's); *Brown*, 2012 U.S. Dist. LEXIS 131173, at *3 (denying early termination where the defendant did not plead particular harm). Moreover, Mr. Francis has not explained how termination aligns with the sentencing factors in 18 U.S.C. § 3553(a). Mr. Francis was sentenced for having committed a violent robbery, which he carried out while still serving time for another offense. R. Doc. 94 at 4. As a result, the Court will deny the motion, but encourages Mr. Francis to continue complying with the terms of his supervised release.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion for early termination of his term of supervised release, R. Doc. 108, is hereby **DENIED**. Further, the Court is fully advised on the legal issues and factual background. Accordingly, Defendant's Request for Oral Argument is **DENIED**.

New Orleans, Louisiana on this 2nd day of November, 2023.

_____
United States District Judge

4